IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEE MAYHEW                        )
                                  )
        v.                        )    NO. 3:07-0735
                                  )
BRIAN GARDNER, et al.             )

To:  Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

By Order entered July 12, 2007 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is Defendants' motion to dismiss and for summary judgment (Docket Entry No. 28), to which Plaintiff has filed a response (Docket Entry No. 35). Also before the Court is Defendants' reply (Docket Entry No. 39).

For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Plaintiff filed this action pro se and in forma pauperis based upon events which occurred while he was an inmate at the Metro-Davidson County Detention Facility ("MDCDF") in the fall of 2006. He asserts claims under 42 U.S.C. § 1983 and seeks punitive damages, an apology, to have the MDCDF investigated, and to ensure that the MDCDF is "ran by the rules." See Complaint (Docket

Entry No. 1). Named as defendants are MDCDF Warden Brian Gardner, MDCDF Asst. Warden Steve Garner, and John Ferguson, the Chief Executive Officer of Corrections Corporation of America, a private company which operates and administers the MDCDF.

Plaintiff alleges four claims: 1) beginning on or about October 1, 2006, he was kept in a cell with no mattress or blanket for three days and had to sleep on a concrete floor; 2) although he was eventually given a mattress, he remained without a blanket and had only a paper gown for clothing; 3) when he was moved to another cell, he was not permitted to have letters or contact his family for two weeks and was only permitted to shower once or twice a week; and 4) his grievances were thrown away or lost. See Complaint, at 6. He alleges that each of these acts were done upon the orders of Defendants Gardner and Garner.

Process was ordered to issue to Defendants. Although the action was recommended for dismissal because of Plaintiff's failure to return service packets for Defendants, see Docket Entry No. 5, by Order entered March 19, 2008 (Docket Entry No. 9), the Court accepted Plaintiff's subsequent explanation for the failure to return the service packets, rejected the recommendation for dismissal, and directed the Clerk to re-send service packets to Plaintiff. Defendants were subsequently served with process. In lieu of an answer, they have filed the pending motion.

## II. MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Defendants contend that Plaintiff failed to exhaust his available administrative remedies prior to filing the instant action as required under 42 U.S.C. § 1997e(a). Defendants acknowledge that Plaintiff filed several grievances while at the MDCDF, see Docket Entry No. 21-1, but assert that none of the grievances pertained to the subject matter of this lawsuit.

Defendants further argue that the facts alleged by Plaintiff do not support constitutional claims, that Plaintiff has not alleged any facts showing the involvement of Defendant Ferguson, and

2

Case 3:07-cv-00735   Document 41   Filed 06/19/08   Page 2 of 8 PageID #: 270

that any claims for emotional and mental damages cannot stand because Plaintiff has not shown that he suffered a physical injury. Finally, they argue that, to the extent that Plaintiff's complaint can be read to assert claims of negligence under state law, the Court should decline to assert supplemental jurisdiction over such claims. In support of their motion, Defendants rely on the affidavit of Tracie Matthews, the Manager of Quality Assurance at the MDCDF. See Docket Entry No. 21.

In response, Plaintiff asserts that, while confined in October 2006, and until he was released from medical observation sometime in November 2006, he was not permitted to have a pen or paper and could not write a grievance. He alleges that he verbally stated "the facts of his confinement and give word for word discription [sic] of facts" to "Officer Florence," whom he contends wrote out three grievances for him and gave them to a supervisor to turn in. See Docket Entry No. 35, at 2-3. Plaintiff does not know what happened to the grievances at that point. He further contends that his allegations state a claim for cruel and unusual punishment under the Eighth Amendment.

Defendants reply by arguing that Plaintiff's explanation is insufficient to excuse his failure to exhaust and that he has offered no evidence supporting his contention that any grievances were discarded. See Docket Entry No. 39.

### III. STANDARD OF REVIEW

Defendants filed their motion as a motion to dismiss and for summary judgment under both Rule 12 and Rule 56 of the Federal Rules of Civil Procedure. The motion is supported by evidence outside the pleadings in the form of the affidavit of Tracie Matthews and attached exhibits. The Court shall not exclude this evidence in its review of the motion and, in accordance with Rule 12(b), shall consider the motion solely as a motion for summary judgment in accordance with Rule 56.

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

3

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Logan v. Denny's, Inc., 259 F.3d 558, 566 (6th Cir. 2001).

In determining whether the moving party has met its burden, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 80 L.Ed.2d 538 (1986); McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'" Little Caesar Enters., Inc. v. OPPCO, LLC, 219 F.3d 547, 551 (6th Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed. 2d 201 (1986)).

If the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which he has the burden, however, the moving party is entitled to summary judgment as a matter of law. See Williams v. Ford Motor Co., 187 F.3d 533, 537-38 (6th Cir. 1999). To preclude summary judgment, the nonmoving party "must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Shah v. Racetrac Petroleum Co., 338 F.3d 557, 566 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252). If the evidence offered by the nonmoving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. Anderson, 477 U.S.

4

at 249-52. "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." Hill v. White, 190 F.3d 427, 430 (6th Cir. 1999) (citing Anderson, 477 U.S. at 247-49).

## IV. CONCLUSIONS

A. Exhaustion

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A prisoner is required to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of Section 1997e(a) is mandatory, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the ... remedy sought is not an available remedy in the administrative process." Wyatt v. Leonard, 193 F.3d 876, 877-78 (6th Cir. 1999).

Once the affirmative defense of failure to exhaust is raised by Defendants, Plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. To establish that he has exhausted his administrative remedies, Plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003). A prisoner may not abandon the process before completion and then claim that he exhausted his remedies or that it is now futile for him to do so. See Hartsfield v. Vidor, 199

5

F.3d 305, 309 (6th Cir. 1999)(citing Wright v. Morris, 111 F.3d 414, 417 n.3 (6th Cir.), cert. denied, 522 U.S. 906, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997)).

In the instant case, Plaintiff has offered a reasonable and specific explanation of why he was unable to submit written grievances during the time that he was confined in either a segregation cell or a medical observation cell without access to a pen or paper. He has also offered a factually specific explanation of his attempt to submit his grievances verbally to a correctional officer at the MDCDF. The Court does not gloss over these explanations as readily as Defendants and does not agree with Defendants' argument that Plaintiff's explanation is conclusory, general, or unsupported. In this regard, the Court finds the unpublished cases cited by Defendants in support of their argument, see Defendants' Memorandum (Docket Entry No. 29), at 3-4, to be distinguishable.

Nonetheless, it is apparent by Plaintiff's own statements and by the ten grievances he filed beginning on November 8, 2006, that he was fully aware of the grievance process and how to use it and that he had the means to submit written grievances by November 8, 2006. Even if the verbal grievances he contends he attempted to submit through a correctional officer were in fact discarded or lost, Plaintiff had the ability by at least November 8, 2006, to submit new written grievances on the claims at issue in this case.

Plaintiff apparently recognizes this possibility because he argues in his response in opposition that the grievance policy at the MDCDF requires grievances to be filed within seven days of the incident being grieved and that any grievances he filed, after gaining access to a pen and paper, about incidents that occurred prior to that time would not have been answered because they would be viewed as untimely. See Plaintiff's Response (Docket Entry No. 35), at 1-2.

Plaintiff's argument is unpersuasive. There is no futility exception to the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 741 n.6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Even though Plaintiff may have believed that pursuing a written grievance was futile because the grievance

6

would be considered untimely, he was still obligated to pursue such a grievance. See Boyd v. Corrections Corp. of America, 380 F.3d 989, 998 (6th Cir. 2004) (prisoner's failure to file grievance was not excused by his subjective belief that prison officials would not respond to his grievance); Hartsfield, 199 F.3d at 309 ("We have previously held that an inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations.").

Plaintiff is also not excused from the exhaustion requirement because no formal grievance proceeding resulted from the verbal grievance which he believed was put into written form by a prison officer. Once Plaintiff surmised that prison officials did not receive any of these three purported grievances,[1] he was obligated to re-submit them. See Hartsfield, supra.[2]

B. The Defendants' Other Grounds for Summary Judgment

Because Plaintiff's failure to comply with the exhaustion requirement of 42 U.S.C. § 1997e(a) requires dismissal of the Section 1983 claims, the Court shall not address Defendants' other arguments for dismissal of these claims.

To the extent that Plaintiff's complaint asserts state law claims based upon allegations of negligence, the Court should also dismiss such claims. Upon the Court's dismissal of Plaintiff's Section 1983 claims, the Court no longer has original jurisdiction over any state law claims and should thus decline to exercise supplemental jurisdiction over any state law claims raised by Plaintiff. See

---

[1] On November 20, 2006, Plaintiff submitted an inmate request form inquiring about the whereabouts of the three grievances and an incident statement and warning prison officials "[i]f you've lost or deliberately lost them you may be liable." See Attachment to Complaint.

[2] To the extent that a lack of exhaustion can be excused when the facts show that a prisoner has filed a formal written grievance but has not received a timely response, see Boyd, 380 F.3d at 998, the Court declines to extend this holding to apply to verbal grievances such as the ones Plaintiff contends that he made.

7

28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction").

## R E C O M M E N D A T I O N

Based on the foregoing, the Court respectfully RECOMMENDS that Defendants' motion to dismiss and for summary judgment (Docket Entry No. 28) be GRANTED and that this action be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge